# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **Cherish Crum,** | |
| *Plaintiff,* | Case No:   8:24-cv-1030 |
| v. | |
| **Waterfall Revenue Group, Inc.**, | **JURY TRIAL DEMANDED** |
| *Defendant.* | |

## COMPLAINT AND JURY TRIAL DEMAND

**COMES NOW** the Plaintiff, Cherish Crum, ("Ms. Crum"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, Waterfall Revenue Group, Inc. ("Waterfall") and states as follows:

## PRELIMINARY STATEMENT

1. This is an action brought by Ms. Crum against Waterfall for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Waterfall is subject to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k)(1)(A) and § 48.193, Fla. Stat.

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2), because the events giving rise to this cause of action occurred within this District.

## PARTIES

5. Ms. Crum is a natural person residing in the city of Lakeland, Polk County, Florida.

6. Ms. Crum is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and the FCRA, 15 U.S.C. §1681a(c).

7. Waterfall is a New Jersey corporation with a principal business address of 2297 Highway 33, Suite 906, Hamilton Square, NJ 08690.

8. Waterfall is registered as a foreign corporation in the State of Florida where its registered agent is Corporate Creations Network, Inc., 801 US Highway 1, North Palm Beach, FL 33408.

9. Waterfall is a "debt collector" within the meaning of the FDCPA, 15 U.S.C. §1692a(6), in that the it uses postal mail or other instrumentalities of interstate commerce, for its business, the principal purpose of which is the collection of debts. Alternatively, it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. Waterfall is registered as a Consumer Collection Agency ("CCA") with the Florida Office of Financial Regulation, bearing CCA license number CCA0900556.

11. As a licensed CCA, Waterfall knows or should know the requirements and regulations of the FDCPA.

## FACTUAL ALLEGATIONS

12. Sometime before December 2020, Ms. Crum rented a musical instrument from Carlton Music Center ("Carlton") from its store in Lakeland, FL for her child.

13. Sometime before December 2020, Carlton alleged that Ms. Crum owed $178 (the "Debt" or "alleged Debt").

14. The Debt arose from a rental of a musical instrument obtained on behalf of Ms. Crum's child which was primarily for personal, family or household purposes and therefore meets the definition of "debt" under the FDCPA, 15 U.S.C. § 1692a(5).

15. Ms. Crum disputes that she owes a $178 balance to Carlton.

16. Around December 2020, Carlton hired Waterfall to collect the Debt, or otherwise placed the Debt to Waterfall for collection.

17. Waterfall reported the debt to at least one nationwide consumer Credit Reporting Agency ("CRA"), Trans Union, LLC ("Trans Union").

18. Sometime before March 2024, Ms. Crum disputed Waterfall's reporting to Trans Union, stating the amount was not owed.

19. Trans Union then sent Waterfall an *Automated Consumer Dispute Verification* ("**ACDV**") request and asked Waterfall to make a reasonable investigation into the dispute.

20. Upon receipt of the ACDV request, Waterfall knew that Ms. Crum disputed the Debt.

21. The ACDV was sent via e-OSCAR, an online system used by CRAs to communicate with furnishers of data, such as debt collectors.

22. When responding to an ACDV through e-OSCAR, the person sending the response must electronically sign to confirm as follows:

> [b]y submitting this ACDV, you certify that you have verified the accuracy of the data in compliance with all legal requirements, and your computer and/or manual records will be adjusted to reflect the changes noted.

23. Waterfall returned the ACDV to Trans Union, verifying it had completed its investigation and that all of its information was accurate. **SEE PLAINTIFF'S EXHIBIT A.**

24. Despite knowing the debt was disputed, Waterfall continued to report the debt to Trans Union as a non-disputed debt. **SEE PLAINTIFF'S EXHIBIT B.**

25. When reporting information to nationwide CRAs, like Trans Union, data furnishers, including Waterfall, prepare reports using the Metro 2 language created and maintained by the Consumer Data Industry Association ("CDIA").

26. Metro 2 contains 10 "compliance condition codes" ("**CCCs**") for data furnishers to notate accounts as disputed, previously disputed, and so on.

27. When Waterfall reported the Debt to Trans Union monthly after March 2024, it did not report any CCC, and simply continued to report the Debt as non-disputed.

28. Waterfall is obliged to disclose the fact that the debt was disputed in all communications about the debt, including its monthly reports to Trans Union.

29. Waterfall had no right to unilaterally nullify Ms. Crum's dispute. *See*, *e.g.*, *Semper v. JBC Legal Group*, 2005 WL 2172377 (W.D. Wash. Sept. 6, 2005); *Evans v. Portfolio Recovery Associates*, 889 F. 3d 337 (7th Cir 2018).

30. Indeed, Waterfall falsely reported that the debt was not disputed.

31. Further, Waterfall had no right to determine on its own whether the dispute had merit; the FDCPA requires a debt collector to communicate a debt is disputed, and 1692e(8) "does not require an individual's dispute be valid or even reasonable. Instead, the plaintiff must simply make clear that he or she disputes the debt. *DeKoven v. Plaza Assocs.*, 599 F.3d 578, 582 (7th Cir. 2010) ("[A] consumer can dispute a debt for 'no reason at all ….'")

32. Waterfall should have reported the Debt with an indication of "account information disputed by consumer," CCC code "XB."

33. The distinction between reporting a debt as non-disputed and "disputed" is significant because many commercially used credit scoring algorithms disregard a collection account reported *currently* in dispute from their score computations.

34. Waterfall's failure to disclose the debt was disputed materially damaged Ms. Crum's credit scores.

35. The failure to properly report a disputed debt *as disputed* creates a concrete injury-in-fact because the failure to disclose this information affects credit scores, meaning Ms. Crum suffered "a real risk of financial harm caused by an inaccurate credit rating." *Evans v. Portfolio Recovery Associates*, 889 F. 3d 337, 345 (7th Cir 2018).

36. Waterfall has reported numerous consumer debts to CRAs which it knows to be disputed without disclosure of the dispute, and has been sued for this behavior by other consumers at least ten times within the two years preceding the filing of this complaint.

37. Waterfall's failure to report the Debt as disputed prevented third parties who received Ms. Crum's credit report from learning that Ms. Crum

disputed the Debt, even though it was her right to have such information communicated to them.

38. Reporting a debt to a CRA is an attempt to collect the debt alleged in the report.

39. Waterfall's reports to the CRAs were "communications" as defined by 15 U.S.C. § 1692a(2).

40. Ms. Crum has hired the aforementioned law firm to represent her in this matter and has assigned to it her right to recover reasonable fees.

## COUNT I
## DEFENDANT'S VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692e

41. Ms. Crum adopts and incorporates paragraphs 1 – 40 as if fully restated herein.

42. Defendant violated **15 U.S.C. § 1692e** by making false and/or deceptive representations in connection with the collection of a debt when Defendant reported a debt it knew to be disputed without disclosure of the dispute.

43. Defendant's actions render it liable for the above-stated violations of the FDCPA, and Ms. Crum is therefore entitled to statutory damages not to exceed $1,000.00 as well as other relief.

**WHEREFORE,** Ms. Crum respectfully requests this Honorable Court enter judgment against Defendant and for her as follows:

    a.    Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    b.    Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

    d.    Such other relief that this Court deems just and proper.

## COUNT II
## **DEFENDANT'S VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692e(10)**

44. Ms. Crum adopts and incorporates paragraphs 1 – 40 as if fully restated herein.

45. Defendant violated **15 U.S.C. § 1692e(10)** by making false and/or deceptive representations in connection with the collection of a debt when Defendant reported a debt it knew to be disputed without disclosure of the dispute.

46. Defendant's actions render it liable for the above-stated violations of the FDCPA, and Ms. Crum is therefore entitled to statutory damages not to exceed $1,000.00 as well as other relief.

**WHEREFORE,** Ms. Crum respectfully requests this Honorable Court enter judgment against Defendant and for her as follows:

    a.    Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    b.    Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

    d.    Such other relief that this Court deems just and proper.

## COUNT III
## DEFENDANT'S VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692e(8)

47. Ms. Crum adopts and incorporates paragraphs 1 – 40 as if fully restated herein.

48. Defendant violated **15 U.S.C. § 1692e(8)** by communicating credit information known to be disputed, without disclosure of dispute, when Defendant reported the Debt to Trans Union monthly in March 2024 through current, without any disclosure of dispute.

49. Defendant's actions render it liable for the above-stated violations of the FDCPA, and Ms. Crum is therefore entitled to statutory damages not to exceed $1,000.00 as well as other relief.

**WHEREFORE,** Ms. Crum respectfully requests this Honorable Court enter judgment against Defendant and for her as follows:

    a.    Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    b.    Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

    d.    Such other relief that this Court deems just and proper.

## COUNT IV
## DEFENDANT'S VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692e(2)(a)

50. Ms. Crum adopts and incorporates paragraphs 1 – 40 as if fully restated herein.

51. Defendant violated **15 U.S.C. § 1692e(2)(a)** when it made a false representation about the character, amount, or legal status of a debt when Defendant reported the Debt, which it knew was disputed, without disclosure of the dispute.

52. Defendant's actions render it liable for the above-stated violations of the FDCPA, and Ms. Crum is therefore entitled to statutory damages not to exceed $1,000.00 as well as other relief.

**WHEREFORE,** Ms. Crum respectfully requests this Honorable Court enter judgment against Defendant and for her as follows:

    a.    Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    b.    Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d.     Such other relief that this Court deems just and proper.

## COUNT V
## DEFENDANT'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681s-2(b)

53.    Ms. Crum hereby incorporates paragraphs 1 – 40 as if fully stated herein.

54.    Defendant violated **15 U.S.C. § 1681s-2(b)** when it failed to conduct a reasonable investigation after receiving notice of dispute of the Debt from Trans Union, as any reasonable investigation would have concluded that the Debt could not be verified as accurate, as it was still disputed by Ms. Crum.

55.    Defendant's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not, and as undisputed, or previously disputed, when still disputed.

56.    Defendant's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Ms. Crum.

57.    Accordingly, pursuant to 15 U.S.C. § 1681n, Defendant is liable to Ms. Crum for the greater of her actual damages and statutory damages of up to $1,000

for *each occurrence*, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Ms. Crum respectfully requests this Honorable Court to enter judgment against Defendant for:

    a.    The greater of statutory damages of $1,000 per incident or Ms. Crum's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

    d.    Such other relief that this Court deems just and proper.

## COUNT VI
## DEFENDANT'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681s-2(b)
### (Plead in the alternative to Count V)

58.    Ms. Crum hereby incorporates paragraphs 1 – 40 as if fully stated herein.

59.    Defendant violated **15 U.S.C. § 1681s-2(b)** when it failed to conduct a reasonable investigation after receiving notice of dispute of the Debt from Trans Union, as any reasonable investigation would have concluded that the Debt could not be verified as accurate, as it was still disputed by Ms. Crum.

60.    Defendant's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as

accurate, when it is not, and as undisputed, or previously disputed, when still disputed.

61. Defendant's conduct was the result of negligence, and pursuant to 15 U.S.C. § 1681o, Defendant is liable to Ms. Crum for her actual damages, as well as her reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Crum respectfully requests this Honorable Court to enter judgment against Defendant for:

a. Ms. Crum's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Ms. Crum demands a jury trial on all issues so triable.

Respectfully submitted this **April 29, 2024** by:

**SERAPH LEGAL, P. A.**

*/s/ Fethullah Gulen*
Fethullah Gulen, Esq.
Florida Bar Number: 1045392
FGulen@seraphlegal.com
2124 W. Kennedy Blvd., Suite A
Tampa, FL 33606
Tel: 813-567-1230

                 Fax: 855-500-0705
                 *Counsel for Plaintiff*

ATTACHED EXHIBITS

A  Trans Union Dispute Results - Excerpt
B  The Debt as Reported to Trans Union by Defendant - Excerpt

# Exhibit A
## Trans Union Dispute Results - Excerpt



# Exhibit B
## The Debt as Reported to Trans Union by Defendant - Excerpt

**WATERFALL REVENUE GROUP 101175****

**Account Information**

| | |
|---|---|
| **Address** | 2297 HIGHWAY 22 #906 HAMILTON SQUARE, NJ 08690 |
| **Phone** | (609) 771-9200 |
| **Date Opened** | 12/02/2020 |
| **Responsibility** | Individual Account |
| **Account Type** | Open Account |
| **Loan Type** | COLLECTION AGENCY/ATTORNEY |
| **Balance** | $178 |
| **Date Updated** | 02/13/2024 |
| **High Balance** | $178 |
| **Original Creditor** | CARLTON MUSIC CENTER |
| **Past Due** | $178 |
| **Pay Status** | >Collection< |
| **Estimated month and year this item will be removed** | 07/2027 |
| **Remarks** | >PLACED FOR COLLECTION< |